Mr. Abadi v. Fauci et al. Mr. Abadi, you have one minute for rebuttal, and you can begin whenever you're ready. If I could just ask Ms. Speared to give her four minutes. Thanks. Did I get that wrong? Oh, it's six and one, yes. I should know. I set the times. She's always right. The Spirit is always right. So you have five minutes and then one minute rebuttal, and you can begin whenever you're ready. Thanks. Okay, thank you, Your Honors. I'm Aaron Abadi. I'm the pro se appellant. And thank you for taking this seriously. I'm a little nervous, but I'll try my best. I want to focus on ACAA private right of action. So you have in 2002, Love v. Delta is the 11th Circuit, and they said there's no private right of action. This was new since Sandoval. 2004, Boswell v. SkyWest, 10th Circuit. They agreed. And in their own words, they pretty much copied the wording of the 11th Circuit, the Love v. Delta. 2011, in this court, Lopez v. Jet Blue, the 2nd Circuit, agreed to, says the wording is, we agree with the 10th and 11th Circuits. And everyone went along with the same concept. And it's all based on there's no private right of action ACAA because of two points. Number one, Sandoval overrules Cannon's implied right of action. So Cannon, from 1979, says there's an implied right of action, but Sandoval seems to overrule it. And the second thing is the DET has a comprehensive enforcement that shows that Congress wanted the DET to do it, not the courts. And I want to say that both of them are not true. Number one, Sandoval actually supports Cannon. I don't understand what happened there, but Sandoval, if you read it through thoroughly, it supports Cannon. And it's discussing a completely different issue. It's saying 601, so it's Title VI, Section 601. That one has rights creating language and therefore would create a private right of action. However, 602, which is the basis for regulations, which was the case in that Sandoval. Number 602, Section 602 does not have rights creating language and has actually an enforcement scheme. And therefore, Sandoval was saying that regulations that are not in the statute itself, because you can't read those regulations into the statute because it was disparate. It wasn't a direct discrimination. It was an indirect discrimination, which is not in 601. And therefore, they did not give a private right of action. So I don't understand how anyone goes. I don't understand how the courts were doing that. I know I'm coming against. Well, we're bound by Lopez. The law is that we have to follow the prior precedent of our court, whether we agree with it or not. Really? Yeah, really. Even though it's not in bank? Even though it's not in bank? Yeah. Go ahead. You have two minutes. And then the DOT comprehensive enforcement is not true. And I proved that from the DOT's words themselves in filing of a supplemental authority, number 135, where they say we have no, let me get their words. The statute does not mandate any further action by DOT. Instead, the agency has the discretion to pursue fines, compel compliance, or take no further enforcement action at all. It's their own words. So I think that was a mistake also. I don't know. Mr. Abadi, I have just a quick question for you. Yes. The current administration has not indicated that the mask mandate is coming back. So there's a legal principle that says if something's not going to happen and it's already over with, it's moot, do you have any reason to believe otherwise that this issue is going to come up again? In the next administration it will come up. But also, there's financial damages. So I don't know. The court can't disagree with the previous. On an APA claim, you're not looking for financial damages. On an APA claim, certain statutes, you're not. Section 1983 would be a damages claim. And 1985 and 1986. Some of the claims would be potentially moot that didn't implicate damages. Yeah, this whole concept of ACAA, suddenly they don't do anything. The DOT doesn't have to do anything. Even though I have a case against them, I can't win it. This is my third time. It's not going to win. They don't do anything. And then it's going to preempt every single other cause of action. That doesn't make any sense. All right. We reserved your one minute for a vote. Thank you. Thank you. I'm now here for the opposing counsel. Starting with Mary Scho. Good morning. May it please the court, Daniel Mary Scho on behalf of the federal defendants. The district court's dismissal of Aaron Abadi's complaint should be affirmed. At bottom, Abadi complains that he was prevented from flying without a mask as a result of the CDC's COVID-era masking requirements. But as your honors have already acknowledged, but those masking requirements have long expired, and the 11th Circuit has already held that challenges to those requirements seeking injunctive relief are moot. Abadi's claims for damages similarly fail. First, as this court has already acknowledged, Abadi's Air Carrier Access Act claims fail because this court has already held in Lopez v. JetBlue Airways that there is no private right of action under the statute. Nor do Abadi's Section 1985 and 1986 claims survive because he has failed to allege facts giving rise to a plausible inference of a conspiracy, much less one motivated by invidious discrimination. Moreover, Abadi has failed to state a Rehabilitation Act claim against the government under an aiding and abetting theory because there is no primary violation for the government to aid and abet. None of the airlines come within the ambit of the statute because none of the airlines receive federal funding as a whole as opposed to funding earmarked for a particular purpose. In addition, Abadi's Bivens claims predicated on an alleged violation of his constitutional right to travel were properly dismissed because he has not alleged that any such violation occurred. And finally, Abadi has abandoned his tort and anti-discrimination claims against the government by failing to raise them in his opening brief. But in any event, the district court has already considered and properly rejected the arguments that Abadi raises in the reply brief to avoid dismissal of his tort claims. Unless the court has any questions, the district court's judgment should be affirmed. Okay, thank you. Let's hear from Mr. Goldberg. Good morning, Your Honors. May it please the court. M. Roy Goldberg on behalf of the domestic airlines and associated individuals. Judge Lyman's March 29, 2024 decision was comprehensive and correct in dismissing all of Mr. Abadi's claims. The airlines acted lawfully and properly in seeking to enforce as best they could the federal transportation mask mandate, which in turn sought to protect vulnerable people from the pandemic while also enabling the public to fly. Appellant would have preferred to be able to fly without having to wear a mask or qualify for a mask exemption. But the frustration at having to comply with the mandate does not allow him to pursue his multiple federal and state law claims, which are lacking in merit. Much of the claims deal with this allegation of a conspiracy. But as Judge Lyman properly found, the fact that every airline needed to enforce the mask mandate because that's what the TSA and the DOT required doesn't mean that there was a conspiracy. As far as the ACAA, we agree that the decision by this circuit in 2011 is compelling and it's very well reasoned and it shows that Mr. Abadi's argument is really not with DOT or the court. It's with Congress. If he believes that there should be a private right of action, if he believes the DOT isn't enforcing the law, then he can go to Congress or his colleagues can go with him and try to make that change. But this court is not in a position to create a private right of action that is not in the statute at this time. We also think that the Airline Deregulation Act does deal with most of the state law claims. Judge Lyman got it right that those relate to services. In any jurisdiction we're in in this country, transportation from point A to B is an airline service, so the ADA would apply on that issue. Also, the Rehabilitation Act does not apply. As the lawyer for the government said, because the money from the CARES Act didn't just go to the company or shareholders. It was directed to payroll. Thank you. Finally, Mr. Cromdick? Did I get that right? Yes, Your Honor. Wow, okay, good. It's Dutch. Good morning. Your Honors, may it please the Court, for the Foreign Defendants Group, the foreign airlines, and in addition to Spirit and their related individuals. We are similarly situated to the parties represented by Mr. Goldberg. We echo the arguments made by the government and Mr. Goldberg. And the position that Judge Lyman's 125-page opinion was well-reasoned and thorough and should be upheld in its entirety. If there is nothing further, we'll rest on the papers. All right, thank you. Thank you, Your Honor. Mr. Boddy, you have one minute more to go. Thank you, Your Honors. Well, I want to say I wrote a lot of stuff, and I hope you were able to read it all, and I'm sticked by all of it. I want to talk about the conspiracy, because that's the one that they both brought up. And I wrote it in there from Thomas V. Roach, Second Circuit from 1999, where it says, A tacit understanding to carry out, in other words, a conspiracy does not require an explicit agreement, but can be established through a tacit understanding to carry out the prohibited conduct. If you have 50 airlines doing the same illegal thing and then the government promoting it and everybody involved, and there's Medair, there's different companies, advisory companies, and everyone's involved, and they didn't just say that you can't fly unless you do ABC. Most of them said you can't fly at all, and the ones that made rules, the rules were against the ACAA. So they all did this together. Thank you, Your Honors. Thank you, and I appreciate you staying within your time. I know you had a lot in your papers, so we all appreciate that. We'll reserve the decision and have a good day.